Gregory K. Nelson, CSB No. 203029
    Email: nelson@weeksnelson.com
Gregory N. Suhr, CSB No. 328967
    Email: gsuhr@weeksnelson.com
WEEKS NELSON
16236 San Dieguito Rd., Suite 523
PO Box 675963
Rancho Santa Fe, CA 92067
Telephone: (858) 794-2140
Email: Office@weeksnelson.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Power Density Solutions, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>Google LLC, a Delaware limited liability company,<br><br>Defendants. | Case No.: 3:24-cv-01437-RSH-JLB<br><br>FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Power Density Solutions, LLC (hereinafter referred to as "*PDS*" or "*Plaintiff*") hereby complains of Google LLC (hereinafter collectively referred to as "*Google*" or "*Defendant*") and alleges as follows:

## NATURE OF ACTION

1. This is an action for patent infringement under the laws of the United States of America, 35 U.S.C. § 271 *et seq.*

## THE PARTIES

2. Plaintiff Power Density Solutions, LLC is a California limited liability company with its principal place of business in San Diego County. PDS is the owner, by assignment from James Hildebrandt, the inventor, of the patent asserted herein.

3. Google LLC, a subsidiary of Alphabet Inc., is a Delaware limited liability company, registered and licensed to do business in California, and having its corporate offices at 1600 Amphitheatre Parkway, Mountain View, California and other offices and office space within this judicial district.

## JURISDICTION AND VENUE

4. This Court has original and exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because PDS's claim for patent infringement arises under the laws of the United States, 35 U.S.C. § 271, *et seq.*

5. This Court has personal jurisdiction over Google because it resides in this District and has a continuous, systematic and substantial presence in this District, because it regularly conducts business and/or solicits business within this District, because it has committed and continues to commit patent infringement in this District, including without limitation by using infringing products in this District, by purposefully directing activities at residents of this District, and by placing

infringing products into the stream of commerce with the knowledge that such infringing products would be sold in California and this District, which acts form a substantial part of the events giving rise to PDS's claims.

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Google has a regular and established place of business in this District and has committed and continues to commit acts of patent infringement in this District.

## FACTUAL BACKGROUND

7. On April 22, 2003, the United States Patent and Trademark Office (PTO) duly and lawfully issued United States Patent No. 6,552,901, entitled "Apparatus and System for Cooling Electronic Circuitry, Heat Sinks, and Related Components" ("the *'901 patent*").  PDS is the owner of all rights, title and interest in and to the '901 patent, and holds all substantial rights therein, including the right to grant licenses, to exclude others, and to enforce and recover past damages for infringement. A copy of the '901 patent is attached hereto as **Exhibit 1** and made part of this Complaint.

8. Defendant is and has been making, using, selling, offering for sale, importing and/or exporting servers that infringe the '901 patent, including without limitation the Google version 3 Tensor Processing Units ("*TPU*" or "*TPUv3*") featuring server motherboards with tubing connected to chip heat sinks to facilitate liquid cooling of Google data centers and cloud servers (the "*Accused Devices*"). Google eventually recognized the limitations of its conventional server architecture to facilitate the power of AI computing. This was a daunting situation for Google because new AI programs required far more computational power per period of time, requiring increased computing power. This increased computation power required faster, more powerful chips which generated more heat. Thus, Google finally realized the need to introduce liquid cooling to its TPU servers. (https://cloud.google.com/tpu/docs/system-architecture-tpu-vm)

9. In or about May 2018, Google began using eight-rack pods of liquid-cooled TPU servers for artificial intelligence workloads. Each of these pods is eight times more powerful than previous versions because of the use of liquid cooling as enabled by the '901 patent. Further, the liquid cooling allows Google to run its processors at 100% capacity versus 50% capacity for AI processing.



10.     Plaintiff is informed and believes, and thereupon alleges, that Google achieves this improvement by bringing dialectric liquid to the four chips on each motherboard, each having a heat sink sitting atop each TPUv3 ASIC chip, allowing the coolant to circulate through the tubing and heat sinks to remove heat from the chips.



11. Where Google knew that its demand for AI-based user services far exceeded its computing capabilities, Google implemented the same patented liquid-cooling process that had been claimed in the '901patent. Google now operates at least fourteen data centers/cloud servers in the United States for its TPU computers. The Accused Devices are installed and operated by Google in one or more of Google's data centers/cloud servers at: Berkeley County, South Carolina; Council Bluffs, Iowa; The Dalles, Oregon; Douglas County, Georgia; Henderson, Nevada; Jackson County, Alabama; Lenior, North Carolina; Loudoun County, Virginia; Mayes County, Oklahoma; Midlothian, Texas; and Montgomery County, Tennessee; New Albany, Ohio; Papillion, Nebraska; and Storey County, Nevada, with the possibility of elsewhere.

12. Plaintiff is informed and believes, and thereupon alleges, that the manufacture, use, and/or sale of the Accused Devices, has resulted in lost revenue and otherwise deprives Plaintiff of the right to use and/or license the '901 patent, all to Plaintiff's damage in an amount not yet fully determined. As a direct result of Defendants' actions, Plaintiff has been damaged in an amount to be determined at trial. Google's infringement of the '901 patent is willful. On information and belief, Google knew or should have known of the '901 patent for over six years with at least constructive notice through USPTO publication.

## FIRST CLAIM FOR RELIEF
### (Direct Infringement – 35 U.S.C. § 271)

13. PDS repeats, realleges, and incorporates by reference the preceding allegations above as though set forth fully herein.

14. Defendant has infringed the '901 patent by making, using, selling, offering for sale, importing, and/or exporting the Accused Devices, which embody one or more claims set forth in the '901 patent.

15. Claim 16 of the '901 patent recites the following limitations:

> *16. A system for cooling an electronic component comprising:*
> *at least one electronic component;*
> *a heat sink attached to said at least one electronic component;*
> *said heat sink having at least one interior passageway within said heat sink and at least one secondary passageway in fluid communication with said at least one interior passageway connecting said interior passageway to an exterior surface of said heat sink;*
> *means for supplying cooling fluid capable of phase change to said interior passageway;*
> *means for adjusting the rate at which said cooling fluid passes through said interior passageway so that substantially no cooling fluid is vaporized within said interior passageway; and*
> *means for collecting and recycling said cooling fluid.*

16.     Google has directly infringed, and continues to directly infringe, literally and/or by the doctrine of equivalents, at least claim 16 of the '901 patent by making, using, testing, selling, offering for sale and/or importing Accused Devices, which provides a significant market advantage to Google and its users. A chart identifying specifically where each limitation of claim 16 is found in the Google TPUv3 is attached hereto as **Exhibit 2**. This infringement chart is based on PDS's current understanding of the TPUv3, which only considers publicly available information. The chart does not set forth all of PDS's infringement theories. The Google TPUv3, and later iterations, also embody other claims set forth in the '901 patent.

17.     PDS reserves the right to amend or supplement its infringement theories upon more information becoming available through formal discovery and/or this Court completing its claim construction proceedings.

18.     Defendants' acts of infringement were undertaken without permission or license from PDS.

19.     PDS is informed and believes and based thereon alleges that Google's infringement of the '901 patent will continue unless enjoined by this Court.

20. Plaintiff is informed and believes and thereupon alleges that the extensive scope and scale of commercial use and sale of the Accused Devices has resulted in lost sales and license fees, reduced the business and profit of Plaintiff, and greatly injured the general reputation of Plaintiff, all to Plaintiff's damage in an amount not yet fully determined. The exact amount of profits realized by Defendants as a result of its infringing activities, are presently unknown to Plaintiff, as are the exact amount of damages suffered by Plaintiff as a result of said activities. These profits and damages cannot be accurately ascertained without an accounting.

21. Pursuant to 35 U.S.C. § 284, Plaintiff is also entitled to an increase of damages up to three times the amount found or assessed due to Defendants' willful and deliberate infringement.

22. In addition, Plaintiff is entitled to reasonable attorneys' fees incurred in this action under 35 U.S.C. § 285.

23. Because of the aforesaid infringing acts, Plaintiff has suffered and continues to suffer great and irreparable injury for which there is no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### (Indirect Infringement – 35 U.S.C. § 271)

24. PDS repeats, realleges, and incorporates by reference the preceding allegations above as though set forth fully herein.

25. PDS is informed and believes, and based thereon, alleges that Google actively induces customers to use its TPUv3 servers and server space, or AI processing and cloud services, to their advantage, thus directly infringing the '901 patent. PDS is informed and believes, and based thereon, alleges that Google sells or has sold the Accused Devices, services or space on the Accused Devices to its customers, who then use the Accused Devices without authorization from PDS.

Google knew or should have known that these actions would result in its customer's infringement.

26. By reason of the foregoing acts of indirect infringement, PDS has been damaged, continues to be damaged, and is entitled to no less than a reasonable royalty in accordance with 35 U.S.C. § 284 in an amount to be determined at trial. In addition, PDS is entitled to reasonable attorneys' fees incurred in this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Power Density Solutions, LLC prays for judgment against Defendant as follows:

(a) An order adjudging Google to have directly infringed the '901 patent under 35 U.S.C. § 271;

(b) That Defendant be required to account to Plaintiff for any and all profits derived by them associated with their use and/or sale of the Accused Devices, and all damages sustained by Plaintiff by reason of Defendant's patent infringement;

(c) For an assessment and award of patent damages against Defendants in an amount no less than lost profits or a reasonable royalty, pursuant to 35 U.S.C. § 284;

(d) That an award of reasonable costs, expenses, and attorneys' fees be awarded against Defendant pursuant to 35 U.S.C. § 285;

(e) An award of pre-judgment and post-judgment interest and costs of this action against Defendants; and

(f) For such other and further relief as the Court deems just and proper.

DATED:  September 5, 2024          WEEKS NELSON

                                   */s/ Gregory K. Nelson*
                                   Gregory K. Nelson
                                   Attorney for Plaintiff

## JURY DEMAND

Plaintiff hereby requests a trial by jury in this matter.

DATED:  September 5, 2024          WEEKS NELSON

                                   */s/ Gregory K. Nelson*
                                   Gregory K. Nelson
                                   Attorney for Plaintiff