| | |
|---|---|
| 1 | MATTHIAS A. KAMBER (CA 232147) |
| | matthiaskamber@paulhastings.com |
| 2 | PAUL HASTINGS LLP |
| | 101 California Street |
| 3 | Forty-Eighth Floor |
| | San Francisco, CA 94111 |
| 4 | Telephone: 1(415) 856-7000 |
| | Facsimile: 1(415) 856-7100 |
| 5 | |
| | ELIZABETH L. BRANN (CA 222873) |
| 6 | elizabethbrann@paulhastings.com |
| | PAUL HASTINGS LLP |
| 7 | 4655 Executive Drive, Suite 350 |
| | San Diego, CA 92121 |
| 8 | Telephone: (858) 458-3000 |
| | Facsimile: (858) 458-3005 |
| 9 | |
| | *Additional counsel listed on* |
| 10 | *signature page* |
| 11 | Attorneys for Defendant Google LLC |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Power Density Solutions, LLC, a California limited liability company, | | CASE NO. 3:24-cv-01437-RSH-JLB |
| | Plaintiff, | **DEFENDANT GOOGLE LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| | vs. | |
| GOOGLE LLC, a Delaware limited liability company, | | DEMAND FOR JURY TRIAL |
| | Defendant. | PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |
| | | [Proposed Order submitted via email to efile Huie@casd.uscourts.gov] |

## I.   INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant Google LLC ("Google") moves to dismiss the First Amended Complaint ("FAC") filed by Plaintiff Power Density Solutions, LLC ("PDS") for lack of standing and failure to state a claim for both indirect and willful infringement.

This case must be dismissed for lack of standing because the original plaintiff, James Hildebrandt, had no ownership rights to the asserted patent when the case was filed. This fatal defect cannot not be cured; standing must exist at the inception of a lawsuit. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570 n.5 (1992) ("[S]tanding is to be determined as of the commencement of suit."). Hildebrandt assigned the sole asserted patent to PDS before he filed this case, and substituting PDS as the sole plaintiff in the FAC does not correct the lack of standing at the outset of the case. The FAC must therefore be dismissed without prejudice.

Alternatively, at least the allegations of induced and willful infringement must be dismissed for failure to plead knowledge or specific intent.

This motion is made following the conference of counsel that took place on November 1, 2024.

## II.   STATEMENT OF FACTS

### A.   Hildebrandt Had No Rights in the Asserted Patent When He Filed the Original Complaint.

Hildebrandt filed the original complaint against Google on August 13, 2024. *See* Doc. No. 1. The original complaint claimed that Hildebrandt was the "owner" of the asserted patent—U.S. Patent No. 6,552,901 ("the '901 patent")— and "holds all substantial rights therein." *Id.* ¶ 2. Critically, however, on March 20, 2018, Hildebrandt assigned to PDS the entire right, title, and interest to the '901 patent. *Power Density Sols. LLC v. United States*, No. 21-911C, Doc. No. 53-2 at 3 (Fed. Cl. Jan. 13, 2023) (attached hereto as Exhibit 1). And the complaint did not allege that the sole asserted patent had been assigned back to Hildebrandt or that he had

any other right to enforce the patent at the time the complaint was filed. *See* Doc. No. 1.

This is not the first time Hildebrandt falsely claimed to own rights in the asserted patent. On February 10, 2021, PDS filed a complaint against the United States asserting infringement of the '901 patent. *Power Density Sols. LLC v. United States*, No. 21-911C, 2023 WL 2624386, at *4 (Fed. Cl. Mar. 24, 2023). On June 11, 2021, PDS amended its complaint to add Hildebrandt as a plaintiff to that case. *Power Density Sols. LLC v. United States,* No. 21-911C, Doc. No. 8 (Fed. Cl. June 11, 2021) (attached hereto as Exhibit 2[1]). On March 24, 2023, the court in *Power Density Solutions* found that Hildebrandt did not own any interest in the '901 patent as of February 10, 2021, and therefore had no standing to pursue an infringement action under the '901 patent. *Power Density Sols.*, 2023 WL 2624386, at *4.

In this case, Google raised the patent-ownership issue in response to the original complaint. Rather than dismissing without prejudice and refiling, an FAC was filed on September 5, 2024. *See* Doc. No. 6 ("FAC"). That FAC replaced Hildebrandt with PDS as the plaintiff, although no leave for such substitution had been sought or granted. Furthermore, contrary to the allegations in the original complaint, the FAC alleges that "PDS is the owner, by assignment from James Hildebrandt, the inventor, of the patent asserted herein." *Id.* ¶ 2.

**B.     PDS's Infringement Allegations.**

PDS alleges that Google directly, indirectly, and willfully infringed the '901 patent. *Id.* ¶¶ 12, 14, 16, 21, 25. PDS accuses Google's TPU servers ("accused devices") of practicing the asserted claims. *Id.* ¶ 8, Ex. 2 at 1. PDS further alleges that the TPU servers, which are used for artificial intelligence workloads, are

---

[1] The pages of Exhibit 2 have been rearranged to correct a pagination error in the originally filed document.

equipped with version 3 Tensor Processing Units ("TPUv3"), an application-specific integrated circuit (ASIC). *Id.* ¶¶ 8-11, Ex. 2 at 1.

Regarding willful infringement, PDS alleges only that "[o]n information and belief, Google knew or should have known of the '901 patent for over six years with at least constructive notice through USPTO publication." *Id.* ¶ 12.

Regarding indirect infringement, PDS alleges that Google "actively induces customers to use its TPUv3 servers and server space, or AI processing and cloud services." *Id.* ¶ 25. PDS further alleges that Google "sold the Accused Devices, services or space on the Accused Devices" and that Google "knew or should have known that these actions would result in its customer's infringement." *Id.*

## III. THE CASE MUST BE DISMISSED FOR LACK OF STANDING

### A. Legal Standard

Standing must exist at the inception of the lawsuit. *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992); *see also Keene Corp. v. United States*, 508 U.S. 200, 207 (1993) ("[T]he jurisdiction of the Court depends on the state of things at the time of the action brought."). Standing is a "threshold jurisdictional issue" that implicates the "constitutional requirement pursuant to Article III." *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1364 (Fed. Cir. 2010) (*citing Lujan*, 504 U.S. at 560-61).

Because it pertains to the court's subject matter jurisdiction, motions raising lack of standing are properly brought under Rule 12(b)(1). *FluorDx LLC v. Quidel Corp.*, No. 18-cv-2866, 2019 WL 4599842, at *1 (S.D. Cal. Sept. 23, 2019) (*citing White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Wi-Lan, Inc. v. LG Elecs., Inc.*, No. 3:17-cv-358, 2018 WL 3361600, at *1 (S.D. Cal. July 10, 2018) (*citing White*, 227 F.3d at 1242). "A factual attack is one that 'relie[s] on extrinsic evidence and [does] not assert lack of subject matter jurisdiction solely on the basis of the pleadings." *Id.* at *2.

| | |
|---|---|
| 1 | **B.     Hildebrandt Lacked Standing to Bring the Original Complaint.** |

Hildebrandt lacked standing to assert infringement of the '901 patent. As the Court of Federal Claims ("CFC") found, "Mr. Hildebrandt lacks standing to pursue any infringement action under these patents." *Power Density Sols.*, 2023 WL 2624386, at *4. The court explained that "[p]ursuant to a March 20, 2018 assignment, Hildebrandt assigned 'the entire right, title and interest' to the '901 and '992 patents'" to PDS. *Id.* The Court may consider the CFC's finding in this motion to dismiss because, in adjudicating a jurisdictional challenge, "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Wi-Lan*, 2018 WL 3361600, at *2 (citing *White*, 227 F.3d at 1242).

A plaintiff-inventor that assigns his patent prior to the lawsuit has no standing. In *Sgromo v. Target Brands Inc.*, No. 2021-1702, 2021 WL 4592277, at *2 (Fed. Cir. Oct. 6, 2021) (non-precedential), plaintiff Sgromo, assigned the asserted patents to others prior to bringing its case. The Federal Circuit held that, because Sgromo lacked ownership of the patents at issue when he brought the suit, he lacked standing to assert his claims for infringement. *Id.* at *3. Here, too, Hildebrandt lacked standing because he had assigned the '901 patent prior to the commencement of this lawsuit. *See also Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001) (affirming dismissal where plaintiff-inventor assigned patent prior to filing action).

Recognizing this fact, the FAC sought to replace PDS as the plaintiff, newly alleging that PDS (not Hildebrandt) is the owner of the asserted patent. FAC ¶ 2. But this remedial attempt is insufficient as a procedural matter.

**C.     Lack of Standing Cannot Be Cured in This Case.**

Standing is not the type of defect that can be cured here by simply substituting in PDS for Hildebrandt. Rather, because standing must exist at the inception of the lawsuit, this case must be dismissed. *See Lujan*, 504 U.S. 555.

The same result was warranted in the analogous Federal Circuit case *Paradise Creations, Inc., v. UV Sales Inc.*, 315 F.3d 1304 (Fed. Cir. 2003). In *Paradise*, the corporate plaintiff agreed that it did not have enforceable rights or standing to sue when the case was filed because that entity was administratively dissolved at the time. *Id*. at 1306. The Court found that the plaintiff did not have standing to sue because "in order to assert standing for patent infringement, the plaintiff must demonstrate that it held enforceable title to the patent at the inception of the lawsuit." *Id*. at 1309 (citing cases). Affirming the lower court's denial of the plaintiff's request to join the patentees as plaintiffs, the court in *Paradise* also found that the defect could not be cured by joining a party with standing unless "plaintiff had a cognizable injury at the inception of suit for the purpose of Article III standing"—for example, through an exclusive license. *Id*. at 1306, 1310. Hildebrandt has no such requisite injury.

Nor can Hildebrandt substitute in PDS as the plaintiff, as explained in *Lans*, 252 F.3d at 1328. There, like here, the plaintiff, an individual, asserted a patent that he had previously assigned to a company. *Id*. at 1325. The district court held that he could not amend the complaint to substitute another party for himself as plaintiff under either Rule 15 or Rule 17 because plaintiff "could not create standing where none existed before amendment." *Id*. And, despite Mr. Lans's contention that he had forgotten about the prior assignment, the district court found that naming the wrong plaintiff was not an "honest and understandable" mistake. *Id*. The Federal Circuit affirmed. *Id.* at 1328.

This case presents an analogous situation. Hildebrandt lacked standing to sue when he brought the instant action because he had assigned the patent to PDS. This was not an honest and understandable mistake. Whether Hildebrandt could assert the patent would be the first issue an attorney would confirm, and that could have been done by way of the public record regarding Hildebrandt's prior litigation. Moreover, Hildebrandt himself would have been aware of his lack of standing

because only a year ago the CFC found that he had assigned away his patent rights. *Power Density Sols.*, 2023 WL 2624386, at *4. Like the plaintiff in *Lans* who claimed that "he had forgotten about the assignment," any claim of a simple mistake is not credible. Accordingly, the Court should reject Hildebrandt's belated attempt to amend the complaint to substitute in PDS as the plaintiff. *Lans*, 252 F.3d at 1315; *see also Thome v. FDA*, No. C 11-00676, 2011 WL 3206910 at *2 (N.D. Cal. July 27, 2011) ("Neither Rule 15, Rule 17, nor Rule 21 provide a mechanism by which Thome can remedy his lack of standing to file the original complaint or to add Feerick [the alleged real party in interest] in the FAC."). Indeed, Hildebrandt attempts to do exactly what the Mr. Lans was prohibited from doing—swapping in a new plaintiff to cure the standing defect in the original complaint. As the Federal Circuit found in *Lans*, this Court should find that such a substitution was improper.

In short, Hildebrandt did not have standing to bring the instant case, and "[s]uch a defect in standing cannot be cured after the inception of the lawsuit." *Paradise Creations, Inc.*, 315 F.3d at 1310.

## IV. PDS FAILS TO PLAUSIBLY STATE CLAIMS OF INDUCED OR WILLFUL INFRINGEMENT

### A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although courts must take all factual allegations in the complaint as true, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (citation omitted); *see also Anderson v. Clow*, 89 F.3d 1399, 1403 (9th Cir. 1996) (conclusory allegations of law and unwarranted inferences are insufficient to defeat motion to dismiss for failure to state claim). "[A] patentee may subject its claims to early dismissal by

pleading facts that are inconsistent with the requirements of its claims." *BOT M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1346 (Fed. Cir. 2021) (citation omitted).

### B. PDS Has Not Sufficiently Pleaded Induced or Willful Infringement.

If the Court does not dismiss the FAC notwithstanding the lack of standing at the outset of the case, it should at least dismiss PDS's claims of indirect and willful infringement because PDS failed to plead (1) knowledge of the asserted patent and (2) a specific intent to infringe or to induce another to infringe.

#### 1. PDS Did Not Plead Knowledge of the Asserted Patents.

Both inducement and willfulness require a showing that the defendant knew of the patent. *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009) ("Inducement requires a showing that the alleged inducer knew of the patent" (internal citation omitted)); *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 988 (Fed. Cir. 2021) ("Knowledge of the asserted patent . . . is necessary . . . for a finding of willfulness." (internal citation omitted)).

PDS does not sufficiently make these allegations. PDS asserts only that "Google knew or should have known of the '901 patent for over six years with at least constructive notice through USPTO publication." FAC ¶ 12. This is legally insufficient. The present case is similar to *Pacing Technologies, LLC v. Garmin Int'l, Inc.*, where the plaintiff alleged that there was a reasonable inference that the defendant had pre-suit knowledge because the defendant regularly filed patent applications and performed patent and prior art searches. No. 12-cv-1067, 2013 WL 444642, at *2 (S.D. Cal. Feb. 5, 2013). The court found that plaintiff's allegations were too speculative to support a reasonable inference that the defendant knew of the patent pre-suit. *Id*. As in *Pacing*, PDS's allegations are too speculative. In fact, PDS allegations are even more deficient than in *Pacing*: PDS has not alleged that Google searched for patents or took any other action to determine that the patent

| | |
|---|---|
| 1 | exists. One cannot reasonably infer that Google knew of the '901 patent merely |
| 2 | from its publication on the USPTO website. *Id.* |
| 3 | Because PDS's bare-bones allegation of knowledge is insufficient to support |
| 4 | its claims of inducement and willfulness, these claims must be dismissed. Inferring |
| 5 | knowledge based purely on patent publication is not the law. Indeed, PDS's tenuous |
| 6 | allegations of knowledge would, in effect, subject every patent litigation defendant |
| 7 | to claims of induced and willful infringement. |

### 2. Plaintiff Has Not Sufficiently Pleaded Specific Intent to Infringe or to Encourage the Customers to Infringe.

Inducement requires that the defendant possess a specific intent to encourage another's direct infringement. *Vita-Mix*, 581 F.3d at 1328 ("Inducement requires a showing that the alleged inducer [] possessed a specific intent to encourage another's infringement of the patent") (internal citation omitted). Similarly, willful infringement requires that the accused infringer had a specific intent to infringe at the time of the challenged conduct. *Bayer*, 989 F.3d at 987 ("To establish willfulness, the patentee must show the accused infringer had a specific intent to infringe at the time of the challenged conduct." (internal citation omitted)).

Nowhere did PDS plead that Google possessed a specific intent to encourage its customers' infringement of the '901 patent. This case is similar to *Masimo Corp. v. Sotera Wireless*, No. 19-cv-1100, 2020 WL 2306587, at *2 (S.D. Cal. May 8, 2020). There, the plaintiff Masimo contended that defendant Foxconn marketed and sold an allegedly infringing product. *Id*. The court in *Masimo* determined that Masimo did not plead facts from which the court could infer that Foxconn's marketing, advertising, or other promotion of the allegedly infringing products reflected a specific intent that the product be used to infringe. *Id.* at *10. Likewise, PDS's assertion that Google "sold the Accused Devices, services or space on the Accused Devices" and "knew or should have known that these actions would result in its customer's infringement" lacks factual support to infer a specific intent for

Google to induce its customers to infringe. FAC ¶ 25; *see also Unisone Strategic IP, Inc. v. Life Techs. Corp.*, No. 3:13-cv-1278, 2013 WL 5729487, at *3 (S.D. Cal. Oct. 22, 2013) (finding that plaintiff's allegation that Defendant markets, sells, and supports its SCMS software were conclusory and not sufficient to plausibly infer that Defendant had the specific intent to induce others to infringe). Without support for specific intent, the Court must dismiss PDS's inducement claim.

Similarly, PDS's claim for willfulness fails to address any specific intent to infringe. As discussed above, PDS's only purported support for its willfulness allegation is that "Google knew or should have known of the '901 patent for over six years with at least constructive notice through USPTO publication." FAC ¶ 12. Even if Google was deemed to have knowledge of the '901 patent on the basis of it being published, "[t]o establish willfulness, the patentee must show the accused infringer had a specific intent to infringe at the time of the challenged conduct." *Bayer*, 989 F.3d at 987 (internal citation omitted). PDS has pleaded no facts to show any such specific intent to infringe, and it cannot do so without first showing actual knowledge of the '901 patent. Therefore, its willfulness allegation must be dismissed.

## V.   CONCLUSION

This case must be dismissed for lack of standing, which cannot be cured. Accordingly, the Court need not reach the remaining issues. Alternatively, the Court should dismiss at least PDS's claims for indirect and willful infringement for failure to plead knowledge of the '901 patent and specific intent.

| | |
|---|---|
| 1  DATED: November 8, 2024 | Respectfully submitted, |
| 2 | PAUL HASTINGS LLP |
| 3 | By: */s/ Matthias A. Kamber* |
| 4 | MATTHIAS A. KAMBER |

Matthias A. Kamber (CA 232147)
matthiaskamber@paulhastings.com
101 California Street, 48th Floor
San Francisco, CA 94111
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

Elizabeth L. Brann (CA 222873)
elizabethbrann@paulhastings.com
Ariell N. Bratton (CA 317587)
ariellbratton@paulhastings.com
Sasha Vujcic (CA 332766)
sashavujcic@paulhastings.com
4655 Executive Drive, Suite 350
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Robert W. Unikel (IL 6216974)
(*pro hac vice*)
robertunikel@paulhastings.com
71 S. Wacker Drive, Suite 4500
Chicago, IL 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100

Robert R. Laurenzi (NY 3024676)
(*pro hac vice*)
robertlaurenzi@paulhastings.com
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

Attorneys for Defendant GOOGLE LLC